**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | No. 13-20011-01-KHV |
| BRETT J. WILLIAMSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On February 13, 2013, a grand jury charged defendant with three counts of enticing and coercing a minor to engage in sexually explicit conduct for the purpose of transmitting a live visual depiction of such conduct in violation of 18 U.S.C. § 2251(a) and three counts of enticing and coercing a minor to engage in sexual activity for which a person could be charged with a criminal offense in violation of 18 U.S.C. § 2422(b). See Indictment (Doc. #1). This matter is before the Court on defendant's Motion To Dismiss (Doc. #18) filed May 20, 2013. For reasons stated below, defendant's motion is overruled.

## Analysis

Defendant asks the Court to dismiss the three counts (Counts 4, 5 and 6) under 18 U.S.C. § 2422(b) because the statute is void for vagueness and overbroad. Section 2422(b) provides as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

Defendant raises a facial challenge to Section 2422(b) under the First Amendment to the United States Constitution. Defendant argues that the statute prohibits speech protected by the First Amendment and that terms of the statute – including "persuades, induces, entices or coerces" and "sexual activity" – are unconstitutionally vague. The Tenth Circuit and every other circuit court to address the issue have rejected constitutional challenges to Section 2242(b). See United States v. Thomas, 410 F.3d 1235 (10th Cir. 2005); see also United States v. Gagliardi, 506 F.3d 140, 147-48 (2d Cir. 2007); United States v. Tykarsky, 446 F.3d 458, 473 (3d Cir. 2006); United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004); United States v. Dhingra, 371 F.3d 557, 561-63 (9th Cir. 2004); United States v. Meek, 366 F.3d 705, 720–22 (9th Cir. 2004); United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000). In Thomas, the Tenth Circuit stated as follows:

> Thomas first argues that because the district court and other courts have interpreted the statute as requiring only the intent to entice a minor for illegal sexual activity and not intent to commit the underlying sexual offense, the statute is overbroad in violation of the First Amendment. Thomas thus asserts that the statute "impinges on constitutionally protected speech including the fundamental right to parent."[Footnote] Appellant's Opening Br. at 10. Second, he asserts that the statute is void for vagueness because the terms are unclear, causing "men of common intelligence [to] necessarily guess at its meaning." Id.
>
> [Footnote] Thomas cites the specific example of a parent sending e-mail messages about birth control to an underage daughter if the parent knows the daughter has a boyfriend who is older. Thomas argues that the parent, who had no intent to engage in the underlying illegal sexual act, would nonetheless be guilty of violating the statute because by discussing birth control, the parent is enticing, persuading, or inducing the daughter to engage in illegal sex with her older boyfriend. This argument, which stems from the Supreme Court's discussion and invalidation of the Communications Decency Act in Reno v. ACLU, 521 U.S. 844, 878, 117 S. Ct. 2329, 138 L.Ed.2d 874 (1997), has been rejected in the 18 U.S.C. § 2422(b) context. See United States v. Panfil, 338 F.3d 1299, 1301 (11th Cir. 2003).
>
> We review challenges to a statute's constitutionality de novo. Ward v. Utah, 398 F.3d 1239, 1245 (10th Cir. 2005). The overbreadth doctrine "prohibits a statute from making criminal otherwise innocent and constitutionally protected conduct."

> United States v. Pinelli, 890 F.2d 1461, 1472 (10th Cir. 1989). "The crucial question then is whether the statute sweeps within its prohibitions conduct that may not be punished because of the protection of the first and fourteenth amendments." Id. Similarly, the "void for vagueness doctrine requires that a penal statute define a criminal offense with sufficient specificity that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Id. at 1470. The Supreme Court "has recognized that the most important aspect of the vagueness doctrine 'is not the actual notice [to citizens of prohibited conduct], but the other principal elements of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement.'" Id. (quoting Smith v. Goguen, 415 U.S. 566, 574, 94 S. Ct. 1242, 39 L.Ed.2d 605 (1974)).
>
> Although we have not spoken on this question, Thomas points to no case in which a court presented with an overbreadth or vagueness challenge to § 2422(b) has deemed the statute unconstitutional. See, e.g., United States v. Dhingra, 371 F.3d 557, 561–63 (9th Cir. 2004) (overbreadth challenge fails because statute regulates conduct–inducement of minors for sexual activity–not speech; vagueness argument also fails); United States v. Meek, 366 F.3d 705, 720–22 (9th Cir. 2004) (same); Panfil, 338 F.3d at 1300–01 (statute not vague or overbroad because its terms have plain and ordinary meanings and statute includes scienter requirement); United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000) (no overbreadth or ambiguity problems because statute only applies to those who target minors, and "the Defendant simply does not have a First Amendment right to attempt to persuade minors to engage in illegal sexual acts").

Thomas, 410 F.3d at 1243-44.

Defendant argues that Thomas is no longer controlling because the Supreme Court recently reiterated that content-based prohibitions on speech are limited to only a few clearly-defined categories of unprotected speech. See Memorandum In Support Of Motion To Dismiss (Doc. #19) filed May 20, 2013 at 14 (citing United States v. Alvarez, 132 S. Ct. 2537, 2544 (2012) and Brown v. Entertainment Merchants Association, 131 S. Ct. 2729, 2733 (2011)). Alvarez refers to the following limited categories of valid content-based restrictions on speech: advocacy intended, and likely, to incite imminent lawless action, obscenity, defamation, speech integral to criminal conduct, so-called "fighting words," child pornography, fraud, true threats and speech presenting some grave

and imminent threat which the government has the power to prevent. 132 S. Ct. at 2544. Defendant maintains that the speech prohibited by Section 2242(b) does not fall into any of the historical categories of unprotected speech outlined in Alvarez. Defendant ignores the fact that Thomas and other appellate courts reason that Section 2242(b) regulates conduct – inducement of minors for sexual activity – not speech. See Thomas, 410 F.3d at 1244 (citing Dhingra, 371 F.3d at 561-63 and Meek, 366 F.3d at 720-22). The First Amendment does not prohibit speech which is merely the vehicle through which a pedophile ensnares a minor to engage in illegal sexual activity. See Tykarsky, 446 F.3d at 473 (no First Amendment right to persuade minors to engage in illegal sex acts); Hornaday, 392 F.3d at 1311 (speech attempting to arrange sexual abuse of children no more constitutionally protected than speech attempting to arrange other crime); Meek, 366 F.3d at 721 (no First Amendment protection where speech merely vehicle through which pedophile ensnares victim); see also Bailey, 228 F.3d at 639 (no First Amendment right to attempt to persuade minors to engage in illegal sexual acts). Accordingly, the Court rejects defendant's facial challenge to the constitutionality of 18 U.S.C. § 2422(b).

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #18) filed May 20, 2013 be and hereby is **OVERRULED**.

Dated this 12th day of February, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
