# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 13-20011-01-KHV |
| BRETT J. WILLIAMSON, ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's letter (Doc. #82) filed May 27, 2014, which the Court construes as pro se motion to reconsider its prior decision not to appoint new counsel and defendant's Notice Of Waiver Of Jury Trial (Doc. #80) filed May 23, 2014. For reasons stated below, the Court overrules defendant's motion for reconsideration and does not approve a non-jury trial.

## I.    Motion To Reconsider Decision Not To Appoint New Counsel

On March 5, 2013, the Court appointed Thomas W. Bartee of the Office of the Federal Public Defender to represent defendant. On May 23, 2013, seven weeks before the scheduled trial date of July 15, 2013, Mr. Bartee filed a motion to withdraw because defendant was "dissatisfied with counsel's representation." Motion To Withdraw (Doc. #22) at 1. On May 28, 2013, the Court granted counsel's motion. It then appointed Robin Fowler to represent defendant and continued trial to October 15, 2013. The Court continued the trial on later occasions, moving the trial date to November 18, 2013 (to allow government counsel to fulfill competing trial engagements and brief pending motions in this case), to March 10, 2014 (for medical reasons for government counsel), and then to May 5, 2014.

On February 7, 2014, three months before the scheduled trial date of May 5, 2014 and four days before a scheduled hearing on pretrial motions, Mr. Fowler filed a motion to withdraw because of a "total breakdown of communication between counsel and Mr. Williamson." <u>Motion To Withdraw As Counsel</u> (Doc. #45) at 1. At a hearing on defendant's motion on February 11, 2014, the Court reviewed defendant's 11-page handwritten letter dated February 11, 2014 which outlined various disagreements between counsel and defendant and several letters from counsel to defendant. The Court overruled defense counsel's motion to withdraw because counsel had not shown a total breakdown of communication and any disagreements appeared to be matters of defense strategy.

On April 23, 2014, defendant filed a pro se motion for new counsel which asserted that "counsel was purposely sabatoging [sic] the defense." <u>Motion To Appoint New Counsel</u> (Doc. #64) at 1. On April 29, 2014, the Court held a hearing on defendant's motion. At the hearing, defendant submitted his letters to counsel dated March 23, March 26 and April 14, 2014. <u>See</u> Defendant's Hearing Exhibits 1-3. From a review of the letters and the statements of defendant and counsel, the Court overruled defendant's motion because the motion was not timely, defendant had not shown a complete breakdown of communication, any communication problems involved strategic disagreements, and defendant was substantially and unreasonably contributing to those problems.

On May 1, 2014, the Court continued the trial to June 6, 2014, to accommodate trial docket conflicts. Right before trial, on May 27, 2014, defendant again filed a pro se request for new counsel. On May 30, 2014, the Court again held a hearing on defendant's request. As the Court noted at the hearing, defendant essentially sought reconsideration of the rulings that he was not entitled to new counsel. Defendant has not identified any substantially new arguments which would alter the Court's previous rulings on the issue.

To warrant a substitution of counsel, defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict. United States v. Porter, 405 F.3d 1136, 1140 (10th Cir.), cert. denied, 546 U.S. 980 (2005). Good cause for substitution of counsel consists of more than a mere strategic disagreement between defendant and his attorney. Id. Rather, defendant must show a total breakdown in communications. Id. To do so, defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible. Id.

Mr. Fowler notes that defendant has filed a criminal complaint about him with the Kansas Attorney General. Defendant states that the complaint accuses Mr. Fowler of "conspiracy with AUSA Kim Martin and Chief Judge Kathryn Vratil to deprive [defendant] of several of [his] rights pursuant to 18 U.S.C. § 241." Doc. #82 at 11. The mere filing of a complaint against an individual does not create a conflict of interest or disqualify that individual as an attorney or judge on the case. See United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993) (court unwilling to invite those anxious to rid themselves of unwanted lawyers to queue up at doors of bar disciplinary committees on eve of trial).[1] Mr. Fowler has not asserted that the filing of the complaint would affect his professional performance in any manner whatsoever, and the Court is confident that he can and will continue to represent defendant in an utmost professional manner. See Strickland v. Washington, 466 U.S. 668, 692 (1984) (prejudice presumed only if actual conflict of interest adversely affects lawyer performance).

---

[1] In that regard, the Court notes that defendant has also filed a complaint against the undersigned judge with the Tenth Circuit Court of Appeals.

The Court shares the government's concerns about avoiding potential issues with regard to adequacy of representation. On balance, however, after considering the arguments of counsel and defendant's statements at the hearings on May 30, April 29 and February 11, 2014, the Court concludes that (1) defendant has not shown a complete breakdown of communication with Mr. Fowler or any other ground to warrant substitution of counsel; (2) defendant has identified numerous matters of strategic disagreement with Mr. Fowler but these issues are ultimately matters of defense strategy left to the discretion of counsel; and (3) defendant has substantially (if not completely) and unreasonably contributed to any communication problems with Mr. Fowler by insisting that counsel raise what appear to be frivolous issues.[2] Accordingly, the Court finds that substitution of counsel is not warranted.[3]

## II. Waiver Of Jury Trial

A trial must be by a jury unless (1) defendant waives a jury trial in writing; (2) the

---

[2] In essence, defendant disagrees with counsel's assessment of his case, counsel's decision not to raise certain arguments or call certain witnesses and counsel's willingness to communicate plea negotiations. Defendant appears to have no problem communicating with counsel when he agrees with counsel's message on matters such as waiving a jury trial. Meaningful communication is clearly possible when defendant chooses to engage in it.

[3] In addition to defendant's failure to show good cause for appointment of new counsel, the Court notes that substitution of counsel at this late date would require a continuance of trial, which is already scheduled more than 15 months after a grand jury returned an indictment. The public has an interest in a speedy trial, and this case involves multiple child victims who have waited two years for their day in court.

Also, in the last 18 months, at the request of the criminal bar, the Court adopted a new docketing procedure to eliminate rolling dockets and trial congestion, and establish firm trial dates. As part of the effort to keep firm trial dates and to ensure that judges were available to try all of the cases set with the undersigned judge during May and June of 2014, the Court's chambers staff and the Clerk of Court scheduled visiting judges to preside over the various criminal trials. In that regard, on May 5, 2014, this case was reassigned to the Honorable Steven J. McAuliffe, District of New Hampshire, because he was available to try this case the week of June 9, 2014.

government consents; and (3) the court approves. Fed. R. Crim. P. 23(a). Defense counsel has filed a notice of waiver of jury trial. The government does not oppose the request but has no preference for a bench versus a jury trial. Defendant has not personally executed a waiver. In any event, the Court does not approve the waiver of a jury trial in this case. Initially, defendant states that he agrees to a bench trial despite the possibility that the undersigned judge, against whom he has filed ethical complaints of bias against him, would try the factual issues in the case. In that context, his waiver appears to be disingenuous and manipulative, more calculated to create appearances of impropriety and issues on appeal than to address any arguable downside of a jury trial.

The Court also notes that this case involves credibility determinations which are best left to the collective judgment of the 12-person jury contemplated by the United States Constitution. See United States v. Singer, 380 U.S. 34, 36 (1965) (Constitution recognizes jury most likely to produce fair result); United States v. Clapps, 732 F.2d 1148, 1151-52 (3d Cir. 1984) (rejecting waiver of jury trial because credibility evaluations best left to jury). Defense counsel agrees that one reason for requesting a non-jury trial is the inflammatory nature of the charges in this case, i.e. exploitation of a child for the purpose of producing pornography in violation of 18 U.S.C. § 2251(a) and coercion and enticement of a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b). Defendant, however, has not shown that any such concerns cannot be adequately addressed in the voir dire and jury selection process.[4] See Singer, 380 U.S. at 36 (no constitutional impediment to conditioning waiver on consent of prosecutor and trial judge when, if either refuses consent, result

---

[4] Defendant also states that he asked to waive a jury because of a dialogue in which God said that the undersigned judge had hardened her heart against him and told him to waive his right to a jury trial. Other than that reason, and the nature of the charges against defendant, defense counsel declined to state grounds for his request for a bench trial.

-5-

is simply that defendant is subject to impartial trial by jury guaranteed by Constitution). Accordingly, the Court does not approve defendant's waiver of a jury trial.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #82), which the Court construes as pro se motion to reconsider, filed May 27, 2014 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Notice Of Waiver Of Jury Trial (Doc. #80) filed May 23, 2014 is **DENIED**. The Court does not approve a non-jury trial. This matter will proceed to trial before a jury beginning June 6, 2014 at 9:30 a.m.

Dated this 30th day of May, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge