# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BRETT J. WILLIAMSON,<br>　　　　　　　　　　Defendant. | CRIMINAL ACTION<br><br>No. 13-20011-01-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's pro se <u>Motion To Relieve Counsel And Continue Pro Se</u> (Doc. #94) filed June 4, 2014, which the Court construes as a second motion to reconsider its prior rulings not to appoint new counsel and in the alternative, a request to proceed pro se. For reasons stated below, the Court overrules defendant's requests.

**I.    Motion To Reconsider Decision Not To Appoint New Counsel**

On May 30, 2014, the Court overruled defendant's motion to reconsider its prior rulings not to appoint new counsel. <u>See</u> <u>Memorandum And Order</u> (Doc. #86). Defendant has not identified any substantially new arguments or factual circumstances which would alter the Court's previous rulings on the issue. For reasons stated elsewhere in the record, the Court again concludes that (1) defendant has not shown a complete breakdown of communication with Mr. Fowler or any other ground to warrant substitution of counsel; (2) defendant has identified numerous matters of strategic disagreement with Mr. Fowler but these issues are ultimately matters of defense strategy left to the discretion of counsel; and (3) defendant has substantially (if not completely) and unreasonably contributed to any communication problems with Mr. Fowler by insisting that counsel raise what appear to be frivolous issues. Accordingly, the Court declines to reconsider its prior rulings not to appoint new counsel.

## II.     Request To Proceed Pro Se

In the alternative, defendant asks to proceed pro se.  An accused has a Sixth Amendment right to waive his right to counsel and conduct his own defense in a criminal case.  Faretta v. California, 422 U.S. 806, 821, 832 (1975); United States v. Willie, 941 F.2d 1384, 1388 (10th Cir. 1991), cert. denied, 502 U.S. 1106 (1992).  However, a waiver of counsel will not be valid unless it is "an intentional relinquishment or abandonment of a known right or privilege."  Willie, 941 F.2d at 1388 (quoting United States v. McConnell, 749 F.2d 1441, 1450-51 (10th Cir. 1984)).  Here, defendant states that his decision to proceed pro se is not voluntary.  Doc. #94 at 4.  In particular, defendant explains that he wants counsel, but not Mr. Fowler (who has represented him since May 28, 2013) or Mr. Bartee (who represented defendant during the initial stages of this case from March 5 to May 28, 2013).  Defendant has asked to proceed pro se as a procedural ploy to obtain new counsel, but defendant's request relies on the flawed premise that his current counsel is ineffective.  As the Court has repeatedly explained, defendant has not shown that Mr. Fowler has provided ineffective assistance or any other grounds which would warrant substitution of counsel.  Because defendant's alternative request to proceed pro se is admittedly not voluntary and is merely a contrived effort to obtain new appointed counsel, the Court overrules defendant's request.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion To Relieve Counsel And Continue Pro Se (Doc. #94) filed June 4, 2014, which the Court construes as a second motion to reconsider its prior rulings not to appoint new counsel and in the alternative, a request to proceed pro se, be and hereby is **OVERRULED**.

Dated this 4th day of June, 2014 at Kansas City, Kansas.

>                               s/ Kathryn H. Vratil
>                               KATHRYN H. VRATIL
>                               United States District Judge