IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 13-20011-01-KHV |
| | ) | |
| BRETT J. WILLIAMSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On June 10, 2009, the Court sentenced defendant to life in prison. This matter is before the Court on defendant's Motion To Recuse (Doc. #174) filed June 8, 2015 and defendant's Motion To Correct (Doc. #176) filed June 18, 2015. For reasons stated below, the Court overrules defendant's motions.

**I.    Motion To Recuse (Doc. #174)**

The Court exercises discretion in deciding whether to recuse. See Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987). Sections 144 and 455 of Title 28, United States Code, govern motions for recusal. Section 144 provides as follows:

> [w]henever a party to any proceeding in district court makes and files a timely affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be accompanied by a certificate of counsel of record stating that it is made in good faith. 28 U.S.C. § 144. Defendant has not filed an affidavit in compliance with Section 144. Further, defendant's allegation of bias is based primarily on his disagreement with the Court's rulings on his motion for

new counsel and to suppress evidence. The unsworn allegations in defendant's motion to recuse are insufficient to require recusal under Section 144. See Glass v. Pfeffer, 849 F.2d 1261, 1267-68 (10th Cir. 1988).

Likewise, defendant has not shown a proper basis for recusal under Section 455(a). Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their partiality might reasonably be questioned. Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000); see also Code of Conduct For United States Judges, Canon 3, § C(1) (judge shall disqualify herself in proceeding in which impartiality might reasonably be questioned). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). The statutory guidance for recusal must also be read in light of a judge's "duty to sit." See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) (judge has as strong a duty to sit when no legitimate reason to recuse as when law and facts require recusal). The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice. United States v. Cooley, 1 F.3d 985, 992-93 (10th Cir. 1993). Consequently, a judge should not recuse on unsupported, irrational or highly tenuous speculation. Hinman, 831 F.2d at 939 (citation omitted). In this case, a reasonable person with access to the relevant facts would not question the impartiality of the undersigned judge.[1] Rather, it appears that defendant is simply trying to get a third judge to look at his various arguments related to the authenticity of the search warrant. Defendant claims that the Court

---

[1] Under Section 455(b)(l), a judge must also disqualify herself if she has a personal bias or prejudice concerning a party. The undersigned has no such bias or prejudice against defendant, from extrajudicial sources or otherwise. See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (bias and prejudice must come from extrajudicial source).

overruled his motion to suppress and motion for new counsel for various reasons. In summary, defendant claims that the undersigned judge (1) is conspiring with the government to conceal its misconduct, (2) appointed Robin Fowler to sabotage the defense, (3) would have never appointed new counsel regardless of counsel's unprofessional conduct, (4) reassigned the case to another judge for trial to avoid recusal, (5) forged the other judge's signature on post-trial orders, (6) reassigned the case back to herself after defendant "caught on" to the forging of the other judge's signature and (7) would deny any motion seeking new evidence of government misconduct. See Motion To Recuse (Doc. #174) at 7. Defendant's assertions are untrue, irrational and insufficient to permit a fishing expedition to find some evidence to support his far-fetched theories. Accordingly, the Court finds that recusal is not necessary.

**II.     Motion To Correct (Doc. #176)**

Defendant asks the Court to correct the Statement of Reasons (Doc. #173) to reflect that the sentence was "within an advisory guidelines range that is greater than 24 months" and to specify the reasons for the sentence imposed. Defendant challenges the statement of reasons, which is not a formal part of his sentence and ordinarily merely reflects the reasons for a sentence as stated by the district court at sentencing.[2] Initially, the Court evaluates whether it has jurisdiction to correct the

---

[2]     A district court must submit to the United States Sentencing Commission a written statement of reasons form to reflect why it imposed a sentence. See 18 U.S.C. § 3553(c) (in imposing non-guideline sentence, court shall state in open court reason for specific sentence and also state "with specificity in a statement of reasons form issued under section 994(w)(1)(B) of title 28"). The Statement of Reasons has a clerical, not substantive, origin. United States v. Denny, 653 F.3d 415, 422 (6th Cir. 2011) (while parties have access to written statement of reasons, certain written statements cannot obfuscate unambiguous reasoning given by district court at oral hearing). The statutory requirement was not intended as a procedural safeguard for any particular defendant; rather, "[t]he ostensible purpose of § 994(w) is to make the courts report information about sentences and departures to ensure a measure of consistency in sentencing throughout the country."
(continued...)

statement of reasons in light of defendant's Notice Of Appeal (Doc. #177) filed June 18, 2015. Because the Court did not rule on defendant's motion under Rule 35(a) within 14 days after sentencing, the Court evaluates defendant's motion as one to correct a clerical error. Under Rule 36, at any time, the Court may correct a "clerical error" in the record or an "error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

Defendant argues that the Statement of Reasons incorrectly states that the Court imposed a sentence "within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart." Statement of Reasons (Doc. #173) at 2. The advisory guidelines in this case provided for life in prison so the "range" under the advisory guidelines was zero. The Court correctly noted that defendant's sentence was "within an advisory guideline range that is not greater than 24 months." The Court therefore overrules defendant's request to modify the statement of reasons.

**IT IS THEREFORE ORDERED** that defendant's Motion To Recuse (Doc. #174) filed June 8, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Correct (Doc. #176) filed June 18, 2015 be and hereby is **OVERRULED**.

The Clerk is directed to forward a copy of this Memorandum And Order to the Tenth Circuit Court of Appeals.

---

²(...continued)
Id. (citing United States v. Ray, 273 F. Supp.2d 1160, 1164 (D. Mont. 2003)); see also Mistretta v. United States, 488 U.S. 361, 369 (1989) (suggesting § 994(w) is designed to allow the Sentencing Commission to "submit to Congress at least annually an analysis of the operation of the guidelines").

Dated this 13th day of July, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge