## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 13-20011-01-KHV |
| | ) | |
| BRETT J. WILLIAMSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

On December 6, 2018, defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #210). This matter is before the Court on defendant's pro se Second Motion To Recuse (Doc. #221) filed April 2, 2019. For reasons stated below, the Court overrules defendant's motion.

Defendant asks the undersigned judge to recuse pursuant to 28 U.S.C. § 455. Second Motion To Recuse (Doc. #221) at 1. The Court exercises discretion in deciding whether to recuse. See Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987). Defendant has not shown a proper basis for recusal under Section 455(a). Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their partiality might reasonably be questioned. Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000); see also Code of Conduct For United States Judges, Canon 3, § C(1) (judge shall disqualify herself in proceeding in which impartiality might reasonably be questioned). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). The statutory guidance for recusal must also be read in light of a judge's "duty to sit." See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995); see also United

States v. Jordan, 678 F. App'x 759, 768 (10th Cir. 2017). The statute is not intended to give litigants a veto power over sitting judges or as a vehicle for obtaining a judge of their choice. United States v. Cooley, 1 F.3d 985, 992-93 (10th Cir. 1993). Consequently, a judge should not recuse on unsupported, irrational or highly tenuous speculation. Hinman, 831 F.2d at 939.

In this case, a reasonable person with access to the relevant facts would not question the impartiality of the undersigned judge.[1] Rather, it appears that defendant is attempting, yet again, to have another judge look at his various arguments related to the authenticity of the search warrant. See Second Motion For Recusal (Doc. #221) at 8, 11. In an 11-page motion and 50-page supporting affidavit, he claims that the Court overruled his motion to suppress and motion for new counsel for various reasons. Among other things, defendant asserts that the undersigned judge (1) conspired with the government and Robin Fowler to deprive him of a fair trial and conceal misconduct, (2) forged another judge's signature on post-trial orders, (3) would overrule any motion regardless of its merit and (4) is so pervasively biased against him that she cannot impartially analyze his claims. Defendant does not persuade the Court that it should reconsider its earlier decision not to recuse. Indeed, he largely repeats the allegations of his first Motion To Recuse (Doc. #174) filed June 8, 2015, which the Court overruled in its Memorandum And Order (Doc. #181) filed July 13, 2015. As the Court stated in its prior order, defendant's assertions are untrue, irrational and insufficient to permit a fishing expedition to find some evidence to support his far-fetched theories. Accordingly, the Court again finds that recusal is not necessary.

---

[1] Under Section 455(b)(l), a judge must also disqualify herself if she has a personal bias or prejudice concerning a party. The undersigned has no such bias or prejudice against defendant, from extrajudicial sources or otherwise. See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (bias and prejudice must come from extrajudicial source).

**IT IS THEREFORE ORDERED** that defendant's Second Motion To Recuse (Doc. #221) filed April 2, 2019 is **OVERRRULED**.

Dated this 7th day of August, 2019 at Kansas City, Kansas.

                                                        s/ Kathryn H. Vratil
                                                       KATHRYN H. VRATIL
                                                       United States District Judge