# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 13-20011-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| BRETT J. WILLIAMSON, | ) | No. 18-2667-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's pro se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #210) filed December 6, 2018 and pro se Motion For Summary Judgment (Doc. #227) filed July 15, 2019. The government opposes defendant's Section 2255 motion; the government did not respond to his summary judgment motion. Government's Response To Defendant's Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #225) filed May 28, 2019. For reasons stated below, the Court overrules defendant's Section 2255 motion, denies a certificate of appealability and overrules as moot defendant's motion for summary judgment.

## Factual And Procedural Background

On May 14, 2014, a grand jury returned an indictment which charged defendant with three counts of attempting to employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of transmitting a live visual depiction of such conduct, and transmitting the visual depiction in interstate commerce, in violation of 18 U.S.C. § 2251(a) (Counts 1, 2 and 3); and three counts of using a facility of interstate commerce to attempt to

persuade, induce, entice and coerce an individual under the age of 18 to engage in sexual activity for which a person could be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b) (Counts 4, 5 and 6). Superseding Indictment (Doc. #72) at 1-3.

Initially, Assistant Federal Public Defender Thomas Bartee represented defendant. On May 23, 2013, Bartee filed a motion to withdraw, which the Court sustained. Motion To Withdraw (Doc. #22). On May 29, 2013, the Court appointed Robin Fowler as defense counsel. Doc. #27. On February 7, 2014, Fowler filed a motion to withdraw. Motion To Withdraw As Counsel (Doc. #45). After a hearing on February 11, 2014, the Court overruled his motion. Doc. #47. On May 30, 2014, the Court overruled defendant's motion to reconsider its prior rulings not to appoint new counsel. Memorandum And Order (Doc. #86). On June 4, 2014, defendant filed his pro se Motion To Relieve Counsel And Continue Pro Se (Doc. #94), which the Court construed as a second motion to reconsider its prior rulings not to appoint new counsel and, in the alternative, a request to proceed pro se. The Court overruled defendant's motion. Memorandum And Order (Doc. #95) filed June 4, 2014. On June 6, 2014, the Honorable Julie A. Robinson conducted a hearing on defendant's request to proceed pro se. Order (Doc. #102). Although she recommended against it, Judge Robinson found that defendant had knowingly and voluntarily waived his right to counsel and allowed him to proceed pro se with Fowler as standby counsel. Id. at 1-2.

On June 11, 2014, a jury found defendant guilty on all counts. On May 28, 2015, the Court sentenced him to 30 years in prison on Counts 1 through 3 and life in prison on Counts 4 through 6, to run concurrently.

Defendant appealed the Court's judgment and sentence. Assistant Public Defender Melody Brannon represented him on appeal. On July 26, 2017, the Tenth Circuit affirmed. See

United States v. Williamson, 859 F.3d 843 (10th Cir. 2017). On October 16, 2017, defendant filed a petition for a writ of certiorari, which the Supreme Court denied on March 26, 2018. See Williamson v. United States, 138 S. Ct. 1324 (2018).

On December 6, 2018, defendant filed this motion to vacate his sentence and on April 1, 2019, he filed a supplement to his motion. Motion To Vacate (Doc. #210); Certified Supplement To Defendant's Motion To Vacate, Set Aside Or Correct Sentence (Doc. #220). In his motion, defendant cites the following grounds for relief: (1) the indictment failed to state an offense; (2) the Court lacked subject matter jurisdiction; (3) the cumulative actions of the government, defense counsel and the Court deprived him of a fair trial; and (4) 18 U.S.C. § 2251(a) and K.S.A. § 21-5510 are unconstitutional. Defendant did not raise these arguments on direct appeal.

On May 28, 2019, the government filed a response to defendant's motion. It requests that the Court deny defendant's motion in its entirety, deny his request for an evidentiary hearing and decline to issue a certificate of appealability. Government's Response (Doc. #225) at 1. More specifically, the government argues that defendant's claims are procedurally defaulted because he failed to raise them on direct appeal and he fails to show ineffective assistance.

## Analysis

The Court applies a stringent standard of review when analyzing a Section 2255 petition and presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). Section 2255 precludes defendant from raising issues he did not address in his direct appeal unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or that a fundamental miscarriage of justice will occur if the Court does not address his claim. United

States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).[1]

As noted, defendant asserts the following grounds for relief: (1) the indictment failed to state an offense; (2) the Court lacked subject matter jurisdiction; (3) the cumulative actions of the government, defense counsel and the Court deprived him of a fair trial; and (4) 18 U.S.C. § 2251(a) and K.S.A. § 21-5510 are unconstitutional. As to claim 3, defendant attaches a lengthy addendum (13 single-spaced pages) with sub-claims and allegations labeled A through Q. As to claims 2, 3 and 4, defendant's supplement adds 20 pages of supporting allegations. The government argues that all of defendant's claims are procedurally defaulted because he did not raise them on direct appeal. To excuse his procedural default, defendant argues ineffective assistance of counsel on appeal, but he does not show that appellate counsel's performance was deficient or prejudiced him in any way.

To establish ineffective assistance of appellate counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudicial performance, defendant must show a "reasonable probability" that but for counsel's unprofessional errors, the result of the appeal would have been different; a reasonable probability is a probability sufficient to undermine confidence in the outcome. See id. at 694. Furthermore, actual ineffectiveness claims which allege a deficiency in counsel's performance are subject to a

---

[1] Claims of ineffective assistance of counsel are not subject to procedural bar and a defendant may appropriately raise them for the first time in a Section 2255 motion. Massaro v. United States, 538 U.S. 500, 505 (2003). Here, however, defendant does not assert independent claims of ineffective assistance; he merely argues ineffective assistance to excuse his failure to present his issues on direct appeal.

general requirement that defendant affirmatively prove prejudice. United States v. Reed, 766 F. App'x 661, 671 (10th Cir. 2019). The Court need not address whether counsel's performance was deficient if defendant cannot establish prejudice. See United States v. Jones, 852 F.2d 1275, 1277 (10th Cir. 1988). The burden is on defendant to show that he is entitled to relief by a preponderance of the evidence. Sa'Ra v. Raemisch, 536 F. App'x 783, 787-88 (10th Cir. 2013).

Although it is possible to bring a Strickland claim based on appellate counsel's failure to raise a particular issue, it is difficult to show deficient performance under those circumstances because counsel need not and should not raise every nonfrivolous claim on appeal. See Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) (citing Smith v. Robbins, 528 U.S. 259, 288 (2000)). To evaluate appellate counsel's performance, the Court looks to the merit of the omitted issue. Id. Counsel's failure to raise a meritless issue does not constitute deficient performance. Id.

For substantially the reasons stated below, each of defendant's four claims lack substantive merit. Accordingly, appellate counsel's failure to raise these issues was not deficient and did not prejudice defendant.

## I. Sufficiency Of The Indictment (Claim 1)

Defendant argues that the indictment was legally insufficient because (A) Counts 1 through 6 do not allege that defendant knew or believed that on account of the victim's[2] youth, she was incapable of appreciating the nature of the conduct at the time of the offense, or he knew the victim was a minor; (B) Counts 1 through 6 do not identify the nature of the sexual conduct at issue; (C) Counts 1 through 3 fail to identify the victim; (D) Counts 4 through 6 do not identify which

---

[2] Defendant uses the term "prosecutrix," which the Court interprets to mean the female victim of his crime, rather than a female prosecutor.

provision of K.S.A. § 21-5510 he allegedly violated; and (E) Counts 4 through 6 allege violations of K.S.A. § 21-5510 instead of federal criminal offenses. Motion To Vacate (Doc. #210) at 5.

An indictment need only meet minimal constitutional standards, and the Court determines whether the indictment was sufficient by practical rather than technical considerations. United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997). An indictment is sufficient if it (1) contains the elements of the charged offense, (2) fairly informs defendant of the charge against which he must defend and (3) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007); United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006). If the statute itself adequately states the elements of the offense, an indictment is sufficient if it generally sets out the words of the statute. United States v. Darrell, 828 F.2d 644, 647 (10th Cir. 1987).

  A. Defendant's Knowledge Of Victim's Age

Defendant asserts that the indictment failed to state an offense under 18 U.S.C. §§ 2251(a) (Counts 1-3) or 2422(b) (Counts 4-6) because it did not allege that defendant knew that on account of the victim's youth, she was incapable of appraising the nature of the conduct at the time of the offense, or that he knew the victim was a minor.

In Resendiz-Ponce, the Supreme Court held that an indictment was sufficient when it referenced the relevant criminal statute, used the word "attempt" and specified the time and place of the attempted offense. 549 U.S. at 108. The Supreme Court embraced the general principle that an indictment which parrots the language of a federal criminal statute is often sufficient. Id. at 109; see United States v. Williamson, 903 F.3d 124, 130 (D.C. Cir. 2018). Here, Counts 1 through 3 and 4 through 6 track the statutory language of Sections 2251(a) and 2422(b), respectively, and state the time and place of the charged offenses. See United States v. Devore,

771 F. App'x 427, 428 (9th Cir. 2019); see also United States v. Barrios-Ramos, 732 F. App'x 457, 460 (7th Cir. 2018) (Resendiz-Ponce generally suggests indictment need not specifically allege element if stated implicitly); United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007) (indictment does not require more specificity than statutory language as long as sufficient facts permit defendant to prepare defense and invoke double jeopardy in subsequent prosecution); United States v. Smith, 223 F.3d 554, 571 (7th Cir. 2000) (not necessary to spell out each element if elements present in context); Dashney, 117 F.3d at 1205 ("When reviewing a post-verdict challenge to an indictment asserting the absence of an element of the offense, the indictment is sufficient if it contains words of similar import to the element in question.") (internal quotation marks omitted); United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988) (no additional detail needed in indictment that quoted statute and listed date, location and specific controlled substance); Darrell, 828 F.2d at 647 ("An indictment that sets forth the words of the statute generally is sufficient so long as the statute itself adequately states the elements of the offense.").

Counts 1 through 3 were sufficient to put defendant on fair notice of the intent component of the charges, i.e. his knowledge or belief that the victim was a minor. See Devore, 771 F. App'x at 428 ("When used in the law, the word 'attempt' connotes both action and intent.") (citing Resendiz-Ponce, 549 U.S. at 107). As to Counts 4 through 6, knowledge that the victim was a minor is not an element of attempting to violate Section 2422(b).[3] See United States v. Isabella,

---

[3] In United States v. Rogers, No. 18-10018-01-EFM, 2019 WL 2435758, at *4 (D. Kan. June 11, 2019), the Honorable Eric F. Melgren denied a motion to dismiss a count of an indictment which charged an attempted violation of Section 2422(b). He stated, "While the

(continued…)

918 F.3d 816, 848 (10th Cir. 2019) (setting forth elements). Knowledge that the victim was incapable of appraising the nature of the conduct at the time of the offense is not an element of either offense. The indictment sufficiently charges that defendant attempted to violate Sections 2251(a) and 2422(b).

B. Nature Of The Sexual Conduct

Defendant challenges the sufficiency of Counts 1 through 6 of the indictment because they fail to "identify the nature of the sexual conduct at issue" and therefore prevent him from asserting a double jeopardy defense in future prosecutions. Motion To Vacate (Doc. #210) at 5; Petitioner's Reply (Doc. #226) at 2-3.

To provide sufficient notice of the crimes charged under 18 U.S.C. §§ 2251(a) and 2422(b), the indictment need only allege that defendant attempted to persuade his victims to engage in "sexually explicit conduct" (Counts 1-3) and "sexual activity for which a person could be charged with a criminal offense" under Kansas law (Counts 4-6), respectively. For all counts, the indictment described the conduct at issue with enough specificity such that defendant could prepare his defense. Defendant does not cite relevant authority which supports his argument that the indictment must contain additional detail regarding the nature of the sexual conduct. In addition, the indictment preserved defendant's double jeopardy rights because if "any other proceedings are taken against him for a similar offense . . . the record shows with accuracy to what

---

(…continued)

Government must prove [specific intent and substantial step toward completion of the crime] to convict Defendant of the crimes charged, it is not required to allege these elements in the indictment. Both Counts 1 and 2 track the statutory language of the crimes of attempted sex trafficking and attempted enticement. This is sufficient."

extent he may plead a former acquittal or conviction."[4]  United States v. Washington, 653 F.3d 1251, 1259 (10th Cir. 2011) (quoting Russell v. United States, 369 U.S. 749, 763-64 (1962)). Defendant has not shown that Counts 1 through 6 were facially deficient.

C.   Victim's Identity

Defendant challenges the sufficiency of Counts 1 through 3 because they do not specifically identify the victim.  Defendant's arguments fail because to state an offense under 18 U.S.C. § 2251(a), the indictment need not specifically identify the minor victim.  See United States v. Theis, 853 F.3d 1178, 1181 (10th Cir. 2017) (citing Ortiz-Graulau v. United States, 756 F.3d 12, 19 (1st Cir. 2014)) (identification of specific minor not required for conviction under 18 U.S.C. § 2251(a)).

D.   Specific Subsection Of K.S.A. § 21-5510

Defendant challenges the sufficiency of Counts 4 through 6 because they do not identify which specific subsection of K.S.A. § 21-5510 he allegedly violated and therefore prevent him from asserting a double jeopardy defense in future prosecutions.

Counts 4 through 6 allege that defendant knowingly attempted to persuade an individual under the age of 18 to engage in "sexual activity for which a person could be charged with an offense, namely a criminal offense under Kansas Law, Sexual Exploitation of a Child, in violation of Kansas Statutes Annotated 21-5510 in violation of Title 18, United States Code, Section 2422(b)."  Superseding Indictment (Doc. #72) at 2-3.  Under 18 U.S.C. § 2422,

---

[4] When evaluating whether the indictment sufficiently protected a defendant's double jeopardy rights, "the entire record, not just the indictment, may be referred to in order to protect against double jeopardy if a subsequent prosecution should occur."  United States v. Boston, 718 F.2d 1511, 1515 (10th Cir. 1983).

defendant must have knowingly attempted to persuade an individual under the age of 18 to "engage in . . . any sexual activity for which any person can be charged with *a criminal offense*." 18 U.S.C. § 2422(b) (emphasis added); Isabella, 918 F.3d at 849. By citing K.S.A. § 21-5510, the indictment contained greater specificity than Section 2422(b) requires and provided defendant with sufficient notice of the charges against which he had to defend. In addition, "it can hardly be doubted that [defendant] would be fully protected from again being put in jeopardy for the same offense, particularly when it is remembered that [he] could rely upon other parts of the present record in the event that future proceedings should be taken against [him]." Russell, 369 U.S. at 764. Furthermore, the Court is not aware of authority that the indictment must cite a specific subsection of the underlying criminal statute, and defendant cites none.

E. K.S.A. § 21-5510 "Instead Of A Criminal Offense"

Defendant challenges the sufficiency of Counts 4 through 6 because they "allege [a violation] of K.S.A. 21-5510 instead of a criminal offense in violation of the laws of the United States as Congress intended." Motion To Vacate (Doc. #210) at 5. Defendant's argument is meritless because Counts 4 through 6 plainly allege a violation of 18 U.S.C. § 2422(b), i.e. a federal criminal offense.

II. **Subject Matter Jurisdiction (Claim 2)**

Defendant asserts that on appeal, counsel should have argued that the Court lacked subject matter jurisdiction because (A) the Executive Office for United States Attorneys could not locate records to show that the United States had appointed the prosecutor or that she had taken the oath of office; (B) the government failed to show that he knew that the victim was a minor; (C) the parties agreed to omit the element of knowledge of the victim's minority from the jury instructions;

and (D) Section 2422(b) "fails to allege a concrete injury in fact" and "only alleges expressive conduct that is protected by the First Amendment." Supplement (Doc. #220) at 1.

While a challenge to subject matter jurisdiction may be raised for the first time on collateral review, defendant's arguments are not truly subject matter jurisdiction arguments. The Tenth Circuit has stated as follows:

> We start with the fundamentals. Subject-matter jurisdiction cannot be forfeited or waived "because it involves a court's power to hear a case. . . . Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." United States v. Cotton, 535 U.S. 625, 630 (2002). But only subject-matter cannot be waived and "in every federal criminal prosecution [subject-matter jurisdiction] comes from 18 U.S.C. § 3231 . . . That's the beginning and the end of the 'jurisdictional' inquiry." United States v. White Horse, 316 F.3d 769, 772 (8th Cir. 2003) (quotations omitted).
>
> Section 3231 states in relevant part "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

Tony, 637 F.3d at 1157-58 (footnote omitted).

Here, defendant was prosecuted, convicted and sentenced for violating the laws of the United States, and federal district courts have original jurisdiction over all offenses against the laws of the United States. United States v. Leroy, 43 F. App'x 232, 233 (10th Cir. 2002) (federal district court clearly had jurisdiction over prosecution of defendant under federal law). Defendant's assertions offer no reasonable challenge to subject matter jurisdiction.

In addition, appellate counsel was not ineffective for failing to raise defendant's arguments because they lack merit. Although the Court need not address each individual argument, it addresses four of defendant's arguments below.[5]

---

⁵    Throughout his motion, reply and supplement, defendant makes numerous

(continued…)

### A. Prosecutor Credentials

Defendant asserts that the Executive Office for United States Attorneys could not find any records that the United States had appointed the Assistant United States Attorney ("AUSA") who prosecuted his case, or that she had taken the oath of office. He argues that the AUSA did not have authority to represent the United States and that the Court therefore lacked subject matter jurisdiction. Defendant asserts that "[o]nly the United States and its attorneys have standing to institute a criminal prosecution in federal courts, not a private citizen like [the AUSA]." Supplement (Doc. #220) at 5.

Defendant's argument lacks merit. Whether the AUSA was in fact an AUSA has no bearing on the government's power to prosecute him. See United States v. Pearson, No. 97-10026-JTM-1, 2018 WL 5557051, at *2 (D. Kan. Aug. 21, 2018), recon. denied, 2018 WL 5436459 (D. Kan. Oct. 25, 2018). Furthermore, the Court's power to regulate attorneys who appear before it does not affect its jurisdiction over the underlying prosecution. Id. In addition, other than to assert that the Executive Office for United States Attorneys does not have a record of the AUSA's appointment, defendant does not provide evidence or relevant authority[6] to support

---

(…continued)

assertions regarding subject matter jurisdiction which have no legal merit. Because the Court plainly had jurisdiction over defendant under 18 U.S.C. § 3231, it need not address each of defendant's arguments, which, in any event, are nearly impossible to comprehend.

[6] Defendant cites Linda S. v. Richard D., 410 U.S. 614, 619 (1973), to support his claim. Linda S. involved a statute which criminalized failure to pay child support if the child was legitimate. The mother of an illegitimate child sought to enjoin the district attorney from non-prosecution of the child's father. The Supreme Court affirmed the district court's decision that the mother lacked standing. Id. This case in no way supports defendant's claim that the United States did not authorize the AUSA to prosecute his case, or that this alleged error affects the Court's jurisdiction.

his claim that the AUSA was a private citizen, not acting on behalf of the United States.[7]

### B. Grand Jury Evidence That Victim Was A Minor

Defendant asserts that the Court lacked jurisdiction because the government did not provide the grand jury evidence that defendant knew or believed that the victim was a minor. Defendant does not cite any authority to support his claim that this alleged defect in grand jury proceedings, if true, would strip the Court of jurisdiction. Furthermore, the Supreme Court has explicitly held that defects in an indictment are not jurisdictional. United States v. Cotton, 535 U.S. 625, 630 (2002) ("Post-[Ex Parte Bain, 121 U.S. 1 (1887)] cases confirm that defects in an indictment do not deprive a court of its power to adjudicate a case.").

### C. Agreed Omission Of Element In Jury Instructions

Defendant asserts that the Court lost jurisdiction when the parties – including defendant, who was proceeding pro se – agreed to omit from the jury instructions the element that defendant knew the victim was under 18 years of age. The government asserts that a jury instruction error does not strip the Court of jurisdiction and that under the invited error doctrine, defendant has waived this argument. The government further asserts that in light of the overwhelming evidence that defendant knew his victims were under the age of 18, any instructional error was harmless beyond a reasonable doubt.

An error in jury instructions does not affect the Court's jurisdiction. See Neder v. United States, 527 U.S. 1, 4 (1999) (omission of element in jury instructions subject to harmless-error rule). Furthermore, defendant's agreement to the jury instruction and failure to object would bar

---

[7] Defendant repeats this argument in his motion for summary judgment. Because this argument is entirely without merit and the Court rejects it, the Court also overrules as moot defendant's motion for summary judgment.

him from challenging it on appeal. See United States v. Jereb, 882 F.3d 1325, 1335 (10th Cir. 2018); see also United States v. Cornelius, 696 F.3d 1307, 1319 (10th Cir. 2012) (under invited error doctrine, appellate court will not review jury instruction which defendant affirmatively approved at trial). Defendant's argument lacks merit.

D.     Constitutionality Of Section 2422(b)

Defendant asserts that 18 U.S.C. § 2422(b) violates the First Amendment because it prohibits expressive conduct and he had a constitutional right to engage in the allegedly prohibited conduct.[8] Supplement (Doc. #220) at 1. In its order on defendant's motion to dismiss dated February 12, 2014, the Court rejected a similar argument. See United States v. Williamson, No. 13-20011-01, 2014 WL 554593, at *2 (D. Kan. Feb. 12, 2014). There, it noted that "[t]he Tenth Circuit and every other circuit court to address the issue have rejected constitutional challenges to Section 2422(b)." Id. (citing United States v. Thomas, 410 F.3d 1235 (10th Cir. 2005); United States v. Gagliardi, 506 F.3d 140, 147-48 (2d Cir. 2007); United States v. Tykarsky, 446 F.3d 458, 473 (3d Cir. 2006); United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004); United States v. Dhingra, 371 F.3d 557, 561-63 (9th Cir. 2004); United States v. Meek, 366 F.3d 705, 720-22 (9th Cir. 2004); United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000)). The Court also noted that Section 2422(b) regulates conduct, not speech. Id. at *2. The weight of authority plainly forecloses defendant's constitutional attacks on Section 2422(b).

---

[8] Defendant apparently connects the constitutionality of Section 2422(b) to subject matter jurisdiction. His arguments, however, are unintelligible. See, e.g., Supplement (Doc. #220) at 4 ("Because counts 4s-6s fail to allege that I intended S.R. to engage in the prohibited conduct at a definite and immediate point in time or even that I intended S.R. to engage in the prohibited conduct, they allege conduct I have a right to engage in instead of a concrete injury in fact, the government lacks standing and the district court lacked subject matter jurisdiction over counts 4s-6s.").

**III.    Fairness Of The Trial (Claim 3)**

Defendant asserts that the cumulative actions of the government, the Court and counsel deprived him of a fair trial, and that he did not raise this argument on direct appeal because of ineffective assistance of counsel.  Specifically, defendant asserts as follows:

(a) The government fabricated the search warrant documents;

(b) Detective Slifer did not know that defendant existed prior to the search of his residence;

(c) The government suppressed the original recording of his June 4, 2012 interview in bad faith;

(d) Detective Slifer obtained a warrant for his arrest in bad faith and in hope that he would make incriminating statements;

(e) No meaningful intervening event broke the causal connection between his alleged illegal arrest and his confessions to his mother and brother;

(f) The prosecutor failed to immediately correct S.R.'s false testimony at trial;

(g) The government suppressed S.R's original Skype log;

(h) The prosecutor engaged in misconduct during closing argument;

(i) The prosecutor engaged in misconduct during her re-cross examination of defendant;

(j) Robin Fowler operated under an actual conflict of interest which requires the Court to vacate defendant's conviction;

(k) Thomas Bartee, defendant's first counsel, provided ineffective assistance;
(l) The Court was not impartial;

(m) The presiding judge denied him effective assistance of counsel;

(n) Judge Robinson denied him effective assistance of counsel;

(o) Leavenworth Detention Center denied him effective assistance of counsel;

(p) But for the actions of the government, his counsel and the Court, the result of the proceeding would have been different;

(q) The government tampered with a trial witness;

(r) His decision to waive his right to counsel was involuntary;

(s) The government suppressed evidence which would have impeached Detective Slifer; and

(t) The cumulative actions of the government, counsel and the Court deprived him of a fair trial.

For substantially the reasons stated in the Government's Response (Doc. #225) at 25-41, the Court rejects defendant's arguments.

## IV. Constitutionality Of 18 U.S.C. § 2251(a) And K.S.A. 21-5510 (Claim 4)

Defendant asserts that 18 U.S.C. § 2251(a) and K.S.A. § 21-5510 are unconstitutional. He argues that Section 2251(a) violates his First Amendment and Due Process rights to persuade a person under the age of 18 to engage in sexual conduct when she has capacity to consent. Defendant asserts that K.S.A. § 21-5510 is unconstitutional for substantially the same reasons.

Defendants' arguments are unavailing because he does not have a constitutional right to engage in conduct which Section 2251(a) and K.S.A. § 21-5510 prohibit. New York v. Ferber, 458 U.S. 747, 764 (1982) (no constitutional protection for child pornography); United States v. Johnson, 376 F.3d 689, 696 (7th Cir. 2004).

## Conclusion

All of defendant's claims are procedurally defaulted because he could and should have raised them on direct appeal. Because defendant has not shown that appellate counsel provided ineffective assistance, he has not shown that his procedural default is excused.

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle

him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[9] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

---

[9] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #210) filed December 6, 2018 is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Summary Judgment (Doc. #227) filed July 15, 2019 is **OVERRULED as moot.**

Dated this 23rd day of September, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge