# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 13-20011-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| BRETT J. WILLIAMSON, | ) | No. 18-2667-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On June 11, 2014, a jury found defendant guilty on three counts of attempting to employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct for the purpose of transmitting a live visual depiction of such conduct, and transmitting the visual depiction in interstate commerce, in violation of 18 U.S.C. § 2251(a) (Counts 1, 2 and 3); and three counts of using a facility of interstate commerce to attempt to persuade, induce, entice or coerce an individual under the age of 18 to engage in sexual activity for which a person could be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b) (Counts 4, 5 and 6). On May 28, 2015, the Court sentenced defendant to 30 years in prison on Counts 1 through 3 and life in prison on Counts 4 through 6, to run concurrently. On September 23, 2019, the Court overruled defendant's motion to vacate under 28 U.S.C. § 2255 and denied a certificate of appealability. See Memorandum and Order (Doc. #230). This matter is before the Court on defendant's Certified Motion To Alter/Make Additional Findings And Alter/Amend Judgment (Doc. #231) filed October 28, 2019. For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

A party seeking to alter or amend a judgment pursuant to Rule 59(e), Fed. R. Civ. P., must

establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such motions are not appropriate to ask the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law. See Servants of Paraclete, 204 F.3d at 1012.

## Analysis

Defendant argues that the Court misapprehended the facts and misconstrued his claims challenging the sufficiency of the indictment and subject matter jurisdiction.[1]

**I.     Sufficiency Of The Indictment**

In his Section 2255 motion, defendant argued that the indictment was legally insufficient because (1) Counts 1 through 6 do not allege that defendant knew or believed that on account of the victim's youth, she was incapable of appreciating the nature of the conduct at the time of the offense, or he knew the victim was a minor; (2) Counts 1 through 6 do not identify the nature of the sexual conduct at issue; (3) Counts 1 through 3 fail to identify the victim; (4) Counts 4 through

---

[1] Defendant also asserts "actual innocence," Certified Motion To Alter (Doc. #231) at 18–20, but fails to explain how his asserted innocence relates to specific claims. In any event, the trial record conclusively refutes his claims of actual innocence.

Defendant also requests clarification of various statements in the Court's 18-page order. See id. at 20–22. Except to the extent that the Court addresses the issues below, defendant is not entitled to a more detailed explanation of the ruling on his Section 2255 motion.

6 do not identify which provision of K.S.A. § 21-5510 he allegedly violated; and (5) Counts 4 through 6 allege violations of K.S.A. § 21-5510 instead of federal criminal offenses. The Court overruled each of defendant's challenges. In his motion to alter or amend, as to his second, fourth and fifth challenges to the indictment, defendant argues that the Court misconstrued his arguments and misapprehended the supporting facts.

An indictment need only meet minimal constitutional standards, and the Court determines whether the indictment was sufficient by practical rather than technical considerations. United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997). An indictment is sufficient if it (1) contains the elements of the charged offense, (2) fairly informs defendant of the charge against which he must defend and (3) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007). If the statute itself adequately states the elements of the offense, an indictment is sufficient if it generally sets outs the words of the statute. United States v. Darrell, 828 F.2d 644, 647 (10th Cir. 1987).

### A. Nature Of The Sexual Conduct

The Court overruled defendant's claim that Counts 1 through 6 of the indictment are insufficient because they do not identify the nature of the sexual conduct at issue and therefore prevent him from asserting a double jeopardy defense in future prosecutions. See Memorandum and Order (Doc. #230) at 8–9. In doing so, the Court stated as follows:

> To provide sufficient notice of the crimes charged under 18 U.S.C. §§ 2251(a) and 2422(b), the indictment need only allege that defendant attempted to persuade his victims to engage in "sexually explicit conduct" (Counts 1-3) and "sexual activity for which a person could be charged with a criminal offense" under Kansas law (Counts 4-6), respectively. For all counts, the indictment described the conduct at issue with enough specificity such that defendant could prepare his defense. Defendant does not cite relevant authority which supports his argument that the

indictment must contain additional detail regarding the nature of the sexual conduct. In addition, the indictment preserved defendant's double jeopardy rights because if "any other proceedings are taken against him for a similar offense . . . the record shows with accuracy to what extent he may plead a former acquittal or conviction." United States v. Washington, 653 F.3d 1251, 1259 (10th Cir. 2011) (quoting Russell v. United States, 369 U.S. 749, 763-64 (1962)). Defendant has not shown that Counts 1 through 6 were facially deficient.

Memorandum and Order (Doc. #230) at 8–9 (footnote omitted).

In his motion to alter or amend, defendant insists that more than one type of sexual conduct was solicited on the dates specified in each count of the indictment. Certified Motion To Alter (Doc. #231) at 2. Defendant offers no evidentiary support for this contention. In addition, to the extent that the indictment did not set forth specific sexual conduct, the trial record is sufficiently detailed so that defendant may assert double jeopardy in a subsequent prosecution. See United States v. Boston, 718 F.2d 1511, 1515 (10th Cir. 1983) (entire record, not just indictment, protects defendant against double jeopardy should subsequent prosecution occur). Therefore the Court overrules this portion of defendant's motion to alter or amend.

B. Specific Subsection Of K.S.A. § 21-5510

The Court overruled defendant's claim that Counts 4 through 6 are insufficient because they do not identify which subsection of K.S.A. § 21-5510 he allegedly violated and therefore prevent him from asserting a double jeopardy defense in future prosecutions. See Memorandum and Order (Doc. #230) at 9–10. In doing so, the Court reasoned as follows:

Counts 4 through 6 allege that defendant knowingly attempted to persuade an individual under the age of 18 to engage in "sexual activity for which a person could be charged with an offense, namely a criminal offense under Kansas Law, Sexual Exploitation of a Child, in violation of Kansas Statutes Annotated 21-5510 in violation of Title 18, United States Code, Section 2422(b)." Superseding Indictment (Doc. #72) at 2-3. Under 18 U.S.C. § 2422, defendant must have knowingly attempted to persuade an individual under the age of 18 to "engage in . . . any sexual activity for which any person can be charged with *a criminal offense*." 18 U.S.C. § 2422(b) (emphasis added); [United States v.] Isabella, 918

> F.3d [816,] 849 [(10th Cir. 2019)]. By citing K.S.A. § 21-5510, the indictment contained greater specificity than Section 2422(b) requires and provided defendant with sufficient notice of the charges against which he had to defend. In addition, "it can hardly be doubted that [defendant] would be fully protected from again being put in jeopardy for the same offense, particularly when it is remembered that [he] could rely upon other parts of the present record in the event that future proceedings should be taken against [him]." Russell, 369 U.S. at 764. Furthermore, the Court is not aware of authority that the indictment must cite a specific subsection of the underlying criminal statute, and defendant cites none.

Memorandum and Order (Doc. #230) at 9–10.

Defendant argues that Court erred because the indictment's failure to specify which subsection of Section 21-5510 applied prevented him from preparing an adequate defense and enabled the prosecutor to shift the government's theory at trial. Certified Motion To Alter (Doc. #231) at 3. Even if the indictment should have specified the pertinent subsection of Section 21-5510, however, defendant has not shown that lack of notice prejudiced his defense. Section 21-5510 defines sexual exploitation of a child as

> (1) Employing, using, persuading, inducing, enticing or coercing a child under 18 years of age, or a person whom the offender believes to be a child under 18 years of age, to engage in sexually explicit conduct with the intent to promote any performance;
>
> (2) possessing any visual depiction of a child under 18 years of age shown or heard engaging in sexually explicit conduct with intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the offender or any other person;
>
> (3) being a parent, guardian or other person having custody or control of a child under l8 years of age and knowingly permitting such child to engage in, or assist another to engage in, sexually explicit conduct for any purpose described in subsection (a)(1) or (2); or
>
> (4) promoting any performance that includes sexually explicit conduct by a child under 18 years of age, or a person whom the offender believes to be a child under 18 years of age, knowing the character and content of the performance.

K.S.A. § 21-5510(a). At trial, the government presented evidence of a criminal offense under the elements of subsection (a)(1). Defendant does not explain how, based on discovery in this case,

more than one subsection of Section 21-5510(a) potentially applied or how he was misled to believe that the government would rely on any subsection other than subsection (1). In sum, he has not alleged sufficient facts to establish that lack of specificity in the indictment prejudiced his defense. See United States v. Berk, 652 F.3d 132, 139 (1st Cir. 2011) (even if Section 2422 indictment required to identify specific criminal offense, error harmless where discovery and pretrial disclosures adequately informed defendant of specific theory).

As to double jeopardy concerns based on the lack of specificity in the indictment, the Court notes that the federal offenses charged in Counts 4 through 6 only require use of a facility of interstate commerce to attempt to persuade an individual under 18 years of age to engage in sexual activity for which a person "can be charged with an[other] offense." 18 U.S.C. § 2422(b); see United States v. Hart, 635 F.3d 850, 855–56 (6th Cir. 2011) (Section 2422(b) does not require proof that defendant completed or attempted to complete specific chargeable offense). Of course, the indictment here did not charge defendant with an offense under state law. Therefore, lack of specificity regarding the particular subsection of Section 21-5510 would not implicate double jeopardy unless the federal government were to bring additional charges under Section 2422. Defendant has not shown that he is at risk of any such prosecution and, in fact, the statute of limitations has expired. See 18 U.S.C. § 3282 ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."). In any event, to the extent that a future prosecution is theoretically possible under federal or state law, the trial record affords defendant adequate specificity to raise a double jeopardy defense. See Berk, 652 F.3d at 139.

C.  Meaning Of "Criminal Offense" Under K.S.A. § 21-5510

Counts 4 through 6 charged an offense under Section 2422(b), which prohibits an individual from persuading or attempting to persuade someone "to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(b). As noted above, Counts 4 through 6 charge that defendant committed sexual activity for which he could have been charged under K.S.A. § 21-5510. Defendant argues that the Court misapprehended his argument that Counts 4 through 6 only alleged an underlying "criminal offense" under state law, not under "the laws of the United States as Congress intended." Motion To Vacate (Doc. #210) at 4. In ruling on defendant's claim, the Court stated that "[d]efendant's argument is meritless because Counts 4 through 6 plainly allege a violation of 18 U.S.C. § 2422(b), i.e. a federal criminal offense." Memorandum and Order (Doc. #230) at 10. The Court did not address defendant's claim that in order to state an offense under Section 2422(b), the underlying "criminal offense" must be a federal crime, not a state offense. Even so, defendant's claim lacks merit.

The statutory prohibition in Section 2422(b) includes the state law crime of prostitution, and the term "criminal offense" is interpreted to include sexual activity that offends state law. See United States v. Rounds, 749 F.3d 326, 333 (5th Cir. 2014) (Section 2422(b) violation established if defendant engaged in sexual activity for which he could have been charged with criminal offense under Texas law); United States v. Dwinells, 508 F.3d 63, 72 (1st Cir. 2007) (Section 2422(b) silent as to which sovereign's law defines those offenses, but courts conclude that "offenses may be defined by the laws of any of the several states"); United States v. Goetzke, 494 F.3d 1231, 1235 (9th Cir. 2007) (jury could have found Section 2422(b) violation based on violation of Montana law); see also United States v. Rogers, No. 18-cr-10018-01-EFM, 2019 WL 2435758, at

*3 (D. Kan. June 11, 2019) (rejecting claim that "criminal offense" in Section 2422(b) refers only to federal offenses). Accordingly, the Court overrules this portion of defendant's motion to alter or amend.

## II.     Subject Matter Jurisdiction

Defendant argues that the Court misapprehended the law and facts related to his "jurisdictional" challenges that (1) the United States lacks standing because the Executive Office for United States Attorneys does not have a record that it had appointed the prosecutor in this case or that she had taken the oath of office; (2) the Court erred in omitting from the jury instructions the element of knowledge of the victim's minority; and (3) Section 2422(b) is unconstitutional. As explained in the prior order, defendant's assertions do not reasonably challenge subject matter jurisdiction.[2] Accordingly, the Court evaluates his arguments below only as claims that appellate

---

[2]     In a federal criminal prosecution, subject matter jurisdiction derives from 18 U.S.C. § 3231. See Memorandum and Order (Doc. #230) at 11 (citing United States v. White Horse, 316 F.3d 769, 772 (8th Cir. 2003)). In relevant part, Section 3231 states that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Here, defendant was prosecuted, convicted and sentenced for violating the laws of the United States, and federal district courts have original jurisdiction over all offenses against the laws of the United States. United States v. Leroy, 43 F. App'x 232, 233 (10th Cir. 2002) (federal district court clearly had jurisdiction over prosecution of defendant under federal law).

In his motion to alter or amend, defendant clarifies that the Court lacked jurisdiction because the United States did not show sufficient injury in fact to establish standing. See Certified Motion To Alter (Doc. #231) at 10; see also id. at 5 (claim that plaintiff lacked Article III standing truly a subject matter jurisdiction argument). Defendant's argument is frivolous. The United States has standing in criminal prosecutions because a violation of its criminal laws results in injury to its sovereignty. See Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 771 (2000) (injury to sovereignty arising from violation of laws suffices to support criminal prosecution by government); see also Sierra Club v. Two Elk Generation Partners, L.P., 646 F.3d 1258, 1277 n.8 (10th Cir. 2011) (when federal government or agency brings suit, standing usually based on its power, defined by Congress, to redress violations of federal laws; this concept may be in tension with courts' current understanding of Article III standing, but it is nonetheless axiomatic.").

counsel provided ineffective assistance in failing to raise these challenges.

A. <u>Prosecutor Credentials</u>

Defendant argues that the Court misconstrued his claim that appellate counsel provided ineffective assistance because she did not argue that the prosecutor did not have authority to represent the United States. <u>Certified Motion To Alter</u> (Doc. #231) at 7. Defendant essentially reasserts that this argument had merit because the prosecutor was a private citizen, not acting on behalf of the United States. <u>Id.</u> at 9. For substantially the reasons set forth in the <u>Memorandum and Order</u> (Doc. #230), appellate counsel's failure to raise this issue was not deficient or prejudicial. <u>See</u> <u>United States v. Pearson</u>, No. 97-10026-JTM-1, 2018 WL 5557051, at *2 (D. Kan. Aug. 21, 2018) (whether prosecutor was in fact AUSA has no bearing on government power to prosecute defendant), <u>recon. denied</u>, 2018 WL 5436459 (D. Kan. Oct. 25, 2018).

B. <u>Agreed Omission Of Element In Jury Instructions</u>

The Court overruled defendant's claim that appellate counsel provided ineffective assistance for failing to argue that the Court lacked jurisdiction after the parties agreed to omit from the jury instructions an element of the offense. In his motion to alter or amend, defendant argues that the Court erred because jurisdiction can be challenged at any time. <u>Certified Motion To Alter</u> (Doc. #231) at 10. As explained above and in the prior order, under 18 U.S.C. § 3231, federal district courts have original jurisdiction over all offenses against the laws of the United States. <u>See</u> <u>supra</u> note 2. An error in jury instructions does not affect the Court's jurisdiction. <u>See</u> <u>Neder v. United States</u>, 527 U.S. 1, 4 (1999) (omission of element in jury instructions subject to harmless error rule). Accordingly, counsel did not provide ineffective assistance in failing to raise this issue on appeal.

C. Constitutionality Of Section 2422(b)

The Court overruled defendant's claim that appellate counsel provided ineffective assistance for failing to argue that 18 U.S.C. § 2422(b) violates the First Amendment. See Memorandum and Order (Doc. #230) at 14. Defendant maintains that the Court did not address his alternative claim that appellate counsel should have argued that Congress cannot constitutionally impose imprisonment as a sanction for Commerce Clause offenses. Certified Motion To Alter (Doc. #231) at 15, 17. Defendant's challenge under the Commerce Clause lacks merit.

Congress enacted Section 2422(b) under the Commerce Clause. See United States v. Faris, 583 F.3d 756, 758–59 (11th Cir. 2009) (per curiam). Defendant apparently asserts that appellate counsel should have argued that Congress cannot constitutionally authorize imprisonment under Section 2422(b) because "offenses under commerce clause jurisdiction must serve a regulatory, not a punitive, purpose." Petitioner's Reply (Doc. #226) filed June 24, 2019 at 6. Congress's power to criminalize conduct, however, is not limited strictly to the Commerce Clause or enumerated powers. The Supreme Court has consistently held that the Necessary and Proper Clause provides Congress "implied power to criminalize any conduct that might interfere with the exercise of an enumerated power." United States v. Comstock, 560 U.S. 126, 147 (2010); see also id. at 135–36 ("[T]he Constitution, which nowhere speaks explicitly about the creation of federal crimes beyond those related to counterfeiting, treason, or Piracies and Felonies committed on the high Seas or against the law of Nations, nonetheless grants Congress broad authority to create such crimes." (quotation marks and citations omitted)). Based on the enumerated power of the Commerce Clause and the implied power of the Necessary and Proper Clause, Congress

properly authorized imprisonment as a punishment under Section 2422(b).[3]  Faris, 583 F.3d at 758–59 (Congress properly enacted Section 2422(b) under both Commerce Clause and Necessary and Proper Clause); see also United States v. Carel, 668 F.3d 1211, 1219–20 (10th Cir. 2011) (Congress has broad authority under Necessary and Proper Clause to criminalize conduct that interferes with other rights or as means in furtherance of enumerated powers).  Therefore counsel's failure to raise this issue on appeal was not deficient or prejudicial.

For these reasons and substantially the reasons stated in the Memorandum and Order (Doc. #230) filed September 23, 2019, the Court overrules defendant's motion to alter or amend.

**IT IS THEREFORE ORDERED** that defendant's Certified Motion To Alter/Make Additional Findings And Alter/Amend Judgment (Doc. #231) filed October 28, 2019 is **OVERRULED**.

Dated this 24th day of March, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3] To the extent that defendant argues that Congress cannot punish purely interstate activity, courts have routinely rejected such challenges to Section 2422(b).  See United States v. Tykarsky, 446 F.3d 458, 470 (3d Cir. 2006) (Section 2422(b) represents constitutional exercise of Congress's Commerce Clause power to regulate use of "channels and instrumentalities of interstate commerce"); see also Hodel v. Indiana, 452 U.S. 314, 325 (1981) ("A court may invalidate legislation enacted under the Commerce Clause only if it is clear that there is no rational basis for a congressional finding that the regulated activity affects interstate commerce, or that there is no reasonable connection between the regulatory means selected and the asserted ends.").