#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                                            ) | |
|              Plaintiff,        ) | CRIMINAL ACTION |
|                                                            ) | |
| v.                                                       ) | No. 13-20011-01-KHV |
|                                                            ) | |
| BRETT J. WILLIAMSON,                   ) | |
|                                                            ) | |
|              Defendant.   ) | |
| _____) | |

#### MEMORANDUM AND ORDER

On May 28, 2015, the Court sentenced defendant to a controlling term of life in prison. On September 23, 2019, the Court overruled defendant's motion to vacate under 28 U.S.C. § 2255 and denied a certificate of appealability. See Memorandum and Order (Doc. #230). On March 24, 2020, the Court overruled defendant's Certified Motion To Alter/Make Additional Findings And Alter/Amend Judgment (Doc. #231) filed October 28, 2019. See Memorandum and Order (Doc. #232). On May 4, 2020, defendant appealed the denial of his motion to alter or amend. See Notice Of Appeal (Doc. #233). This matter is before the Court on defendant's Motion For Relief From Judgment And Order (Doc. #237) filed May 8, 2020. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

Subject to certain limited exceptions, the filing of a notice of appeal divests a district court of jurisdiction. See United States v. Ransom, 691 F. App'x 550, 551 (10th Cir. 2017); United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006); see also United States v. Madrid, 633 F.3d 1222, 1226 (10th Cir. 2011) (filing of notice of appeal typically event of jurisdictional significance which confers jurisdiction on court of appeals and divests district court of control over aspects of case involved in appeal). One exception, under Rule 4(a)(4), Fed. R. App. P., authorizes the Court

to consider certain timely-filed motions, including a motion to amend or make additional findings under Rule 52(b), Fed. R. Civ. P., a motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P., and a motion under Rule 60(b), Fed. R. Civ. P. See Fed. R. App. P. 4(a)(4)(A)(ii), (iv) and (vi); see also Advisory Committee's Note, 1993 Amendment to Fed. R. App. P. 4 ("A notice [of appeal] filed *before* the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.") (emphasis added).[1]

Here, some 45 days after the clerk entered the Memorandum And Order (Doc. #232) that defendant challenges on appeal, he filed his motion under Rule 60(b), Fed. R. Civ. P. Because defendant filed an appeal and did not file his Rule 60(b) motion within 28 days after the order was entered, the Court lacks jurisdiction to consider his motion. See Fed. R. App. P. 4(a)(4)(A)(vi).[2] Therefore, the Court dismisses defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's Motion For Relief From Judgment And Order (Doc. #237) filed May 8, 2020 is **DISMISSED for lack of jurisdiction**.

---

[1] Courts recognize several additional exceptions such as when the district court (1) acts in aid of the appellate court's exercise of its jurisdiction, (2) addresses matters that are not comprehended within the appeal or (3) continues full consideration of the case where it certifies that the notice of appeal is invalid or frivolous. United States v. Madrid, 633 F.3d 1222, 1226–27 (10th Cir. 2011). Defendant has not shown that any of these exceptions potentially apply in this matter.

[2] Even if the Court construed defendant's motion as one under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, he would face the same 28-day deadline. See Fed. R. Civ. P. 52(b), 59(e); see also Fed. R. App. P. 4(a)(4)(A) and (B) (to suspend effective date of appeal, specified motions must be within time allowed under rules).

**The Clerk is directed to send a copy of this order to the Tenth Circuit Court of Appeals.**

Dated this 26th day of May, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
