## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 13-20011-01-KHV |
| | ) | |
| BRETT J. WILLIAMSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On May 28, 2015, the Court sentenced defendant to a controlling term of life in prison.

On September 23, 2019, the Court overruled defendant's motion to vacate under 28 U.S.C. § 2255

and denied a certificate of appealability.   See Memorandum and Order (Doc. #230).   This matter

is before the Court on defendant's Motion For Relief From Judgment And Order (Doc. #240) filed

June 25, 2020.   For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On June 11, 2014, a jury found defendant guilty on three counts of attempting to employ,

use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct for the

purpose of transmitting a live visual depiction of such conduct, and transmitting the visual

depiction in interstate commerce, in violation of 18 U.S.C. § 2251(a); and three counts of using a

facility of interstate commerce to attempt to persuade, induce, entice or coerce an individual under

the age of 18 to engage in sexual activity for which a person could be charged with a criminal

offense, in violation of 18 U.S.C. § 2422(b).

On May 28, 2015, the Court sentenced defendant to a controlling term of life in prison.

On September 23, 2019, the Court overruled defendant's motion to vacate under 28 U.S.C. § 2255 and denied a certificate of appealability.   See Memorandum and Order (Doc. #230).   On March 24, 2020, the Court overruled defendant's Certified Motion To Alter/Make Additional Findings And Alter/Amend Judgment (Doc. #231) filed October 28, 2019.   See Memorandum and Order (Doc. #232).   On May 4, 2020, defendant appealed the denial of his motion to alter or amend.   See Notice Of Appeal (Doc. #233).

On May 26, 2020, based on the pending appeal, the Court dismissed for lack of jurisdiction defendant's Motion For Relief From Judgment And Order (Doc. #237) filed May 8, 2020.   See Memorandum and Order (Doc. #238).

Defendant now seeks relief from the Court's Memorandum and Order (Doc. #230) which overruled his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #210) filed December 6, 2018.   Defendant argues that the judgment on his Section 2255 motion is void because the Court did not address all of the claims which he raised in his motion and related briefing.

## Analysis

Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, defendant asks the Court to void the judgment on his initial Section 2255 motion.   Initially, the Court must address how to construe defendant's motion.

The relief sought—not a motion's title—determines whether a movant filed a true Rule 60(b) motion or an unauthorized second or successive petition under Section 2255.   United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (allowing petitioner to avoid bar against successive petitions by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and

2255).   A true Rule 60(b) motion to alter or amend (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceedings, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Spitznas v. Boone, 464 F.3d 1213, 1224–25 (10th Cir. 2006).   An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."   Id. at 1225.   Here, because defendant asserts that the Court failed to rule on all claims presented in the original habeas petition, the Court treats the claim as part of a "true" Rule 60(b) motion.   See id. (allegation that court failed to reach merits during prior proceeding is "true" Rule 60(b) claim).

Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, the Court may relieve a party from a final judgment where the judgment is void.   Fed. R. Civ. P. 60(b)(4).   A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.   United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010).   A judgment is not void, however, simply because it is or may be erroneous.   Id.; V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 (10th Cir. 1979).   "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."   Espinosa, 559 U.S. at 271.

Liberally construed, defendant's motion asserts that the Court denied him due process because it did not address all of his claims and arguments.   Due process requires that interested parties receive notice and an opportunity to present their arguments.   See id. at 272.   Defendant had an adequate opportunity to present his arguments through multiple memoranda in support of

his Section 2255 motion.[1]   After the Court overruled defendant's motion, he filed a motion to alter

or amend which argued that the Court misapprehended the facts and misconstrued his claims.   In

overruling defendant's motion to alter or amend, the Court specifically addressed his argument

that the original order did not rule on all of his claims and arguments.   See Memorandum And

Order (Doc. #232) at 3–11.   Defendant appealed, but he later voluntarily dismissed the appeal.

At each stage of the habeas proceeding, defendant received due process including notice and an

adequate opportunity to be heard.   Accordingly, defendant is not entitled to relief under

Rule 60(b)(4).   See Espinosa, 559 U.S. at 270 (judgment not void because it may be erroneous).

In addition, defendant is not entitled to relief because he cannot use Rule 60(b)(4) as a substitute

for raising arguments on direct appeal.   See id. (Rule 60(b)(4) motion not substitute for timely

appeal); id. at 275 (Rule 60(b)(4) not license for litigants to sleep on their rights); Johnson v.

Spencer, 950 F.3d 680, 699 (10th Cir. 2020) (relief unavailable under Rule 60(b)(4) where same

due process arguments available on appeal but party failed to raise them).   The Court therefore

overrules defendant's motion to vacate judgment.

　　　　**IT IS THEREFORE ORDERED** that defendant's Motion For Relief From Judgment

And Order (Doc. #240) filed June 25, 2020 is **OVERRULED**.

　　　　Dated this 21st day of July, 2020 at Kansas City, Kansas.

　　　　　　　　　　　　　　　　　　s/ Kathryn H. Vratil
　　　　　　　　　　　　　　　　　　KATHRYN H. VRATIL
　　　　　　　　　　　　　　　　　　United States District Judge

---

[1]　　　See Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #210) filed December 6, 2018 (31 pages); Certified Supplement To Defendant's Motion To Vacate, Set Aside Or Correct Sentence (Doc. #220) filed April 1, 2019 (43 pages); Petitioner's Reply To Doc. 225 (Doc. #226) filed June 24, 2019 (19 pages); Motion For Summary Judgment (Doc. #227) filed July 15, 2019 (2 pages); Memorandum Of Law In Support Of Motion For Summary Judgment (Doc. #228) filed July 15, 2019 (8 pages).