**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 13-20011-01-KHV |
| ) | |
| BRETT J. WILLIAMSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On May 28, 2015, the Court sentenced defendant to a controlling term of life in prison. On September 23, 2019, the Court overruled defendant's motion to vacate under 28 U.S.C. § 2255 and denied a certificate of appealability. See Memorandum and Order (Doc. #230). This matter is before the Court on defendant's Motion To Reconsider Motion For Relief From Judgment And Order (Doc. #242) filed August 7, 2020. For reasons stated below, the Court overrules defendant's motion.

### Factual Background

On June 11, 2014, a jury found defendant guilty on three counts of attempting to employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct for the purpose of transmitting a live visual depiction of such conduct, and transmitting the visual depiction in interstate commerce, violations of 18 U.S.C. § 2251(a); and three counts of using a facility of interstate commerce to attempt to persuade, induce, entice or coerce an individual under the age of 18 to engage in sexual activity for which a person could be charged with a criminal offense, violations of 18 U.S.C. § 2422(b).

On May 28, 2015, the Court sentenced defendant to a controlling term of life in prison.

On September 23, 2019, the Court overruled defendant's motion to vacate under 28 U.S.C. § 2255 and denied a certificate of appealability. See Memorandum and Order (Doc. #230). On March 24, 2020, the Court overruled defendant's Certified Motion To Alter/Make Additional Findings And Alter/Amend Judgment (Doc. #231) filed October 28, 2019. See Memorandum and Order (Doc. #232). On May 4, 2020, defendant appealed. See Notice Of Appeal (Doc. #233).

On May 26, 2020, based on the pending appeal, the Court dismissed for lack of jurisdiction defendant's Motion For Relief From Judgment And Order (Doc. #237) filed May 8, 2020, which also challenged the Memorandum and Order (Doc. #232). See Memorandum and Order (Doc. #238).

On June 9, 2020, on defendant's motion, the Tenth Circuit dismissed his appeal. See Order (Doc. #239). On June 25, 2020, defendant filed another Motion For Relief From Judgment And Order (Doc. #240). On July 21, 2020, the Court overruled defendant's motion. See Memorandum and Order (Doc. #241). Defendant now asks the Court to reconsider its ruling on his Motion For Relief From Judgment And Order (Doc. #240).

## Legal Standards

The Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider. Even so, in the criminal context, courts ordinarily apply the same standards that apply in civil cases. See United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014). The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent

manifest injustice.  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.  See Christy, 739 F.3d at 539.

## Analysis

Defendant seeks reconsideration of the Court's ruling which overruled his Motion For Relief From Judgment And Order (Doc. #240).  In his motion, defendant asserted that the judgment on his Section 2255 motion was void because the Court did not address all of the claims which he had raised in his motion and related briefing.  See Motion For Relief From Judgment And Order (Doc. #240) at 1 (citing Fed. R. Civ. P. 60(b)(4)).  The Court overruled defendant's motion because (1) he received due process including an adequate opportunity to present his arguments through multiple memoranda in support of his Section 2255 motion and his motion to alter or amend the judgment and (2) he could not invoke Rule 60(b)(4) as a substitute for raising arguments on direct appeal, which he voluntarily had dismissed in June of 2020.  See Memorandum And Order (Doc. #241) at 3–4.

In his motion to reconsider, defendant once again argues that the Court did not address all of the claims which he raised in his Section 2255 motion and related briefing.[1]  He does not assert "new evidence" to support his motion to reconsider.  Defendant's arguments simply rehash the

---

[1]  Defendant argues that he never had an opportunity to raise the arguments from his Rule 60(b)(4) motion in his original Rule 59(e) motion.  See Motion To Reconsider Motion For Relief From Judgment And Order (Doc. #242) at 5.  Defendant maintains that his argument that the judgment was void could only be made in a Rule 60(b)(4) motion, not a Rule 59(e) motion.  See id.  Defendant ignores the fact that the factual basis for both motions was identical, i.e. that the Court did not address all of his claims in the order overruling his Section 2255 motion.   In the Memorandum and Order (Doc. #232) filed March 24, 2020, the Court addressed defendant's factual argument about the scope of the prior order and overruled his Rule 59 motion.  Defendant voluntarily dismissed his appeal of the Court's ruling.

same arguments that the Court has rejected and do not establish grounds for reconsideration of the Court's ruling.   Accordingly, the Court overrules defendant's motion to reconsider.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Reconsider Motion For Relief From Judgment And Order</u> (Doc. #242) filed August 7, 2020 is **OVERRULED**.

Dated this 11th day of August, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge