IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 13-20011-01-KHV |
| | ) | |
| BRETT J. WILLIAMSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On May 28, 2015, the Court sentenced defendant to a controlling term of life in prison. This matter is before the Court on defendant's Petition For A Writ Of Mandamus (Doc. #253) filed March 1, 2022, which seeks to compel the court reporters at his criminal hearings in 2013 and 2014 to give him their backup audio tapes. For reasons stated below, the Court dismisses defendant's motion.[1]

Defendant seeks relief under 28 U.S.C. § 1361, which bestows original jurisdiction upon district courts for mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a drastic remedy available only in extraordinary situations. See In re Antrobus, 519 F.3d 1123,

---

[1] A party generally must file a petition for mandamus as a separate civil action and pay a filing fee. See Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996) (under Prison Litigation Reform Act, petition for writ of mandamus included within meaning of "civil action" under 28 U.S.C. § 1915); cf. In re Phillips, 133 F.3d 770, 771 (10th Cir. 1998) (limited exception to filing fee requirement if petitioner seeks to compel district court to decide action filed solely under 28 U.S.C. §§ 2241, 2254 or 2255). Here, defendant named the court reporters as respondents, but he filed the petition in this criminal action and has not paid the required filing fee or filed a motion to proceed without prepayment of fees. In any event, as explained below, defendant has not shown that the Court should issue a writ of mandamus. The Court therefore dismisses defendant's petition.

1124 (10th Cir. 2009). To prevail on a mandamus petition, petitioner must show (1) a clear and indisputable right to the writ, (2) a plainly defined duty on the part of respondent to perform a ministerial action, and (3) no other adequate remedy is available. Wilder v. Prokop, 846 F.2d 613, 620 (10th Cir. 1988); see Reed v. Crofts, 691 F. App'x 552, 553 (10th Cir. 2017).

Defendant has not shown that the court reporters for the criminal hearings in 2013 and 2014 retain backup audio recordings. Even if backup audio tapes exist, defendant has not shown that the court reporters have a nondiscretionary duty to provide him such recordings or that other remedies are not available. To obtain a court reporter's backup tapes, a party must establish some reason to doubt the accuracy of the stenographic transcript. See In re Pratt, 511 F.3d 483, 485 (5th Cir. 2007); Smith v. U.S. District Court Officers, 203 F.3d 440, 442 (7th Cir. 2000). Here, defendant does not dispute the accuracy of the stenographic transcripts. Instead, he seeks access to the backup tapes to get the whole truth including the undersigned judge's and witnesses' "tone, . . . pauses and hesitations, and any other indicators of temperament or demeanor." Petition For A Writ Of Mandamus (Doc. #253) at 3. Because defendant has not shown that the court reporters have a nondiscretionary duty to disclose backup audio tapes, the Court dismisses his petition for mandamus for lack of jurisdiction. See Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995) (whether particular act discretionary or ministerial rises to jurisdictional level); Carpet, Linoleum & Resilient Tile Layers v. Brown, 656 F.2d 564, 567 (10th Cir. 1981) (test for jurisdiction is whether mandamus would be appropriate means of relief); see also Heckler v. Ringer, 466 U.S. 602, 616 (1984) (writ of mandamus intended to provide remedy only where petitioner exhausted other avenues of relief and defendant owes him clear nondiscretionary duty).

**IT IS THERFORE ORDERED** that defendant's Petition For A Writ Of Mandamus (Doc. #253) filed March 1, 2022 is **DISMISSED**.

Dated this 29th day of March, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge