**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 13-20011-01-KHV |
| | ) | |
| BRETT J. WILLIAMSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On May 28, 2015, the Court sentenced defendant to a controlling term of life in prison. This matter is before the Court on defendant's Motion To Produce (Doc. #264), Motion For Return Of Property (Doc. #265) and Motion For Records (Doc. #266), all filed September 2, 2025. For reasons stated below, the Court sustains defendant's motion for records but otherwise overrules his motions.

**I.      Motion To Produce (Doc. #264)**

On October 15, 2024, the Court permitted defendant to order copies of the stenographic notes of the court reporters at his criminal hearings in 2013 and 2014. See Memorandum And Order (Doc. #260). Later, the Court sustained defendant's request that the court reporters in this matter be ordered to produce their dictionaries so that he could compare their stenographic notes and corresponding transcripts. See Memorandum And Order (Doc. #262) filed April 9, 2025 at 1. Defendant now seeks (1) instructions on how to use the court reporters' dictionaries to translate their stenographic notes and (2) temporary access to their backup audio recordings of the hearing on April 29, 2014 and trial. Motion To Produce (Doc. #264) at 1. Defendant seeks to use this

material to dispute the accuracy of the stenographic notes and transcripts of the hearing and trial. See id.

As to defendant's request for instructions on how to use the court reporters' dictionaries, he has not shown that the court reporters have such instructions or that the instructions would be understandable or useful to one who does not have formal training in court reporting.   In addition, as defendant has acknowledged in prior filings, private court reporting services are available to translate stenographic notes.   See Defendant's Motion To Reconsider [Order On] Motion For Leave To Inspect Original Recordings Of Proceedings (Doc. #259) filed September 24, 2024 at 4 (individual requesting transcription usually provides original notes to court reporting service companies).   The Court therefore overrules defendant's request for instructions on how to use the court reporters' dictionaries.

Defendant renews his request for backup audio recordings of the hearing on April 29, 2014 and trial.   After a court reporter certifies the accuracy of a transcript, it is deemed prima facie a correct statement of the testimony and proceedings.   28 U.S.C. § 753(b).   To obtain audio tapes which back up the stenographic record, a party must establish some reason to doubt the accuracy of the stenographic transcript.   See In re Pratt, 511 F.3d 483, 485 (5th Cir. 2007); Smith v. U.S. District Court Officers, 203 F.3d 440, 442 (7th Cir. 2000).   On March 29, 2022, the Court overruled defendant's request for backup audio recordings to get the whole truth including the undersigned judge's and witnesses' "tone, . . . pauses and hesitations, and any other indicators of temperament or demeanor."   Memorandum And Order (Doc. #254) at 2 (quoting Petition For A Writ Of Mandamus (Doc. #253) at 3).   Defendant now provides two examples of inaccuracies in the certified written transcripts: (1) at the hearing on his request for counsel, he did not say "he

-2-

searched until he found" and (2) at trial, the prosecutor did not ask defendant if he "misspelled sabotage in the text Skype chats with the victim in this case." Motion To Produce (Doc. #264) at 2–3. Defendant does not explain the context of the alleged inaccuracies, or any reason for the Court to doubt the accuracy of the stenographic transcripts. The Court therefore overrules defendant's request for access to backup audio recordings which the court reporters may possess.

## II.    Motion For Return Of Property (Doc. #265)

Defendant asks the Court to direct the Clerk to return his trial exhibit. The record does not reflect that defendant offered any exhibits at trial or that the Court admitted any exhibits during his testimony. See Clerk's Courtroom Minute Sheet – Criminal Jury Trial (Doc. #112) filed June 11, 2014. On cross examination of defendant, government counsel referred to defendant's Motion To Appoint New Counsel (Doc. #64) filed April 23, 2024 and his misspelling of the word "sabotaging." The Court did not admit defendant's motion as an exhibit, however, and because defendant did not submit any trial exhibits, the Court overrules his motion for return of property.

## III.    Motion For Records (Doc. #266)

On May 26, 2015, defendant filed a pro se Motion To Reconsider Defendant's Motion For Suppression Of Statements/Evidence Or New Trial (Doc. #160). Because defendant's motion (and exhibits) included names and personal identifiers of minors, the Court directed Robin Fowler—standby counsel for defendant—to redact such names and personal identifiers and to re-file the motion. See Order (Doc. #162) filed May 26, 2015. On appeal, on September 2, 2015, the Tenth Circuit appointed the Federal Public Defender for the District of Kansas to represent defendant and terminated Mr. Fowler's appointment. See Order (Doc. #194). As a result, to date, no amended motion with redacted names and personal identifiers has been filed. Defendant

asks the Court to forward a copy of his motion to reconsider so that he can redact the names and identifiers and refile the motion.   Motion For Records (Doc. #266) at 1.   Defendant states that the public should have access to his motion.   The Court agrees.   See Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007) (federal courts long recognized common-law right of access to judicial records); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980) (public has interest in understanding disputes that parties present to public forum for resolution and to assure that courts are fairly run).   The Court therefore sustains defendant's motion.   In lieu of defendant refiling the motion, however, the Court directs the Office of the Federal Public Defender to redact names and personal identifiers of victims in defendant's pro se Motion To Reconsider Defendant's Motion For Suppression Of Statements/Evidence Or New Trial (Doc. #160) filed May 14, 2015, and exhibits (Doc. #160-1 to Doc. #160-5).   It shall then file a redacted version of those documents.

The Clerk also sealed the Court's Memorandum And Order (Doc. #168) filed May 28, 2015, which overruled defendant's motion to reconsider.   Because the Court's order does not contain any names or personal identifiers of victims or other sensitive information, the Clerk shall unseal the Court's Memorandum And Order (Doc. #168).

**IT IS THERFORE ORDERED** that defendant's pro se Motion To Produce (Doc. #264) filed September 2, 2025 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's pro se Motion For Return Of Property (Doc. #265) filed September 2, 2025 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's pro se Motion For Records (Doc. #266) filed September 2, 2025 is **SUSTAINED.   On or before August 31, 2026, the Office of the**

**Federal Public Defender shall redact names and personal identifiers of victims in defendant's pro se <u>Motion To Reconsider Defendant's Motion For Suppression Of Statements/Evidence Or New Trial</u> (Doc. #160) filed May 14, 2015 and exhibits (Doc. #160-1 to Doc. #160-5), and refile a redacted version of those documents.**

**The Clerk shall send a copy of this order to the Office of the Federal Public Defender. The Clerk shall also unseal the Court's <u>Memorandum And Order</u> (Doc. #168) filed May 28, 2015.**

Dated this 21st day of July, 2026 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge